UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLES E. SISNEY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DENNY KAEMINGK, IN HIS OFFICIAL CAPACITY AS THE SOUTH DAKOTA SECRETARY OF CORRECTIONS; DARIN YOUNG, IN HIS OFFICIAL CAPACITY AS THE WARDEN OF THE SOUTH DAKOTA STATE PENITENTIARY; SHARON REIMANN, IN HER OFFICIAL CAPACITY AS AN SDSP DESIGNATED MAILROOM OFFICER; AND CRAIG MOUSEL, IN HIS OFFICIAL CAPACITY AS AN SDSP DESIGNATED PROPERTY OFFICER;<br><br>　　　　Defendants. | 4:15-CV-04069-LLP<br><br><br>ORDER ON PLAINTIFF'S MOTIONS<br><br>DOCKET NOS. 8, 9 & 16 |

　　　This matter is before the court on plaintiff Charles E. Sisney's complaint pursuant to 42 U.S.C. § 1983.  Mr. Sisney has paid the filing fee.  This matter has been referred to this magistrate judge for handling pretrial matters pursuant to 28 U.S.C. § 636(b)(1) and the Honorable Karen E. Schreier's standing order of October 16, 2014.

　　　This court has screened Mr. Sisney's complaint and determined that the claims he articulates therein survive screening.  Now Mr. Sisney moves to amend his complaint (entitled a motion to file a supplemental complaint—Docket No. 8); moves the court to take judicial notice of the fact that certain Department of Corrections regulations at issue in this case have undergone

revision (Docket No. 9); and moves the court to require the United States Marshals Service to serve his summonses and complaints on defendants. It is hereby

ORDERED that Mr. Sisney's motion to amend his complaint [Docket No. 8] is granted as service of the summons and original complaint has not yet been accomplished. See FED. R. CIV. P. 15(a). When Mr. Sisney serves defendants, he must serve both the original complaint (which is incorporated by reference in his supplemental complaint) as well as the supplemental complaint and the summonses issued by the clerk's office. It is further

ORDERED that Mr. Sisney's motion to take judicial notice [Docket No. 9] is denied. This motion poses a question of law which is reserved for determination at a later date—specifically until after defendants have been served, made their appearance, and can voice their position on Mr. Sisney's evaluation of the state of the law. It is further

ORDERED that Mr. Sisney's motion for service is denied. Pro se litigants may only be entitled to have the Marshals serve their pleadings if they have applied for and been granted *in forma pauperis* status. See 28 U.S.C. § 1915(d). Mr. Sisney has not applied for *in forma pauperis* status. The clerk's office is requested to send the appropriate application for such status to Mr. Sisney along with a copy of this order. Upon receipt and approval of such a qualifying application, the court may direct that the Marshals serve Mr. Sisney's summonses, complaint and supplemental complaint. The court

will not require the Marshals Service to serve Mr. Sisney's pleadings if he does not qualify for *in forma pauperis* status.

DATED this 15th day of July, 2015.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge