UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLES E. SISNEY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>DENNY KAEMINGK, IN HIS OFFICIAL CAPACITY AS THE SOUTH DAKOTA SECRETARY OF CORRECTIONS; DARIN YOUNG, IN HIS OFFICIAL CAPACITY AS THE WARDEN OF THE SOUTH DAKOTA STATE PENITENTIARY; SHARON REIMANN, IN HER OFFICIAL CAPACITY AS AN SDSP DESIGNATED MAILROOM OFFICER; AND CRAIG MOUSEL, IN HIS OFFICIAL CAPACITY AS AN SDSP DESIGNATED PROPERTY OFFICER;<br><br>　　　　　Defendants. | 4:15-CV-04069-LLP<br><br><br>ORDER DENYING DEFENDANTS' MOTION FOR PROTECTIVE ORDER<br><br>DOCKET NO. 41 |

　　　This matter is before the court on plaintiff Charles E. Sisney's *pro se* complaint pursuant to 42 U.S.C. § 1983.  Defendants have filed a motion asking the court to enter a protection order so that defendants need not respond to certain discovery requests served on them by Mr. Sisney.  See Docket No. 41.  Defendants argue that Mr. Sisney's discovery requests are irrelevant, overly broad, vague, and not reasonably calculated to lead to the discovery of discoverable material.  Id.

　　　Federal Rule of Civil Procedure 26(c) governs motions for protective orders.  That rule requires the movant to first confer in good faith with the party requesting the discovery to attempt to resolve discovery disputes

informally between the parties prior to filing a motion for a protective order. See FED. R. CIV. P. 26(c).  Then, after satisfying that precondition, the movant must include in his motion for a protective order a certification that he has conferred or attempted to confer in good faith with the party requesting discovery prior to filing the motion.  Id.  Defendants' instant motion does not contain any indication that defendants conferred with Mr. Sisney to try to resolve their discovery dispute prior to filing the motion.  Also absent is a certification to that effect.  Accordingly, it is hereby

ORDERED that defendants' motion for a protective order [Docket No. 41] is denied without prejudice to defendants' ability to refile the motion if, after complying with Rule 26(c), they are unable to resolve their discovery differences with Mr. Sisney.

DATED October 30, 2015.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge