UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLES E. SISNEY,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DENNY KAEMINGK, IN HIS OFFICIAL CAPACITY AS THE SOUTH DAKOTA SECRETARY OF CORRECTIONS; DARIN YOUNG, IN HIS OFFICIAL CAPACITY AS THE WARDEN OF THE SOUTH DAKOTA STATE PENITENTIARY; SHARON REIMANN, IN HER OFFICIAL CAPACITY AS AN SDSP DESIGNATED MAILROOM OFFICER; AND CRAIG MOUSEL, IN HIS OFFICIAL CAPACITY AS AN SDSP DESIGNATED PROPERTY OFFICER;<br><br>　　　　　Defendants. | 4:15-CV-04069-LLP<br><br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EVIDENCE PRESERVATION AND TO COMPEL<br><br>DOCKET NO. 38 |

　　This matter is before the court on plaintiff Charles E. Sisney's *pro se* complaint pursuant to 42 U.S.C. § 1983.  Now pending is Mr. Sisney's motion seeking (1) an order to defendants requiring them to preserve seven books and various magazines as evidence in this matter and (2) an order to defendants requiring them to turn those books over to Mr. Sisney as discovery.  See Docket No. 38.

　　As to Mr. Sisney's request that defendants preserve the evidence in question, which is central to Mr. Sisney's claims, Mr. Sisney's filing indicates that the books are currently in his mother's custody.  He seeks an order from the court requiring defendants to take custody of the materials because his

mother is 72 years old and is of poor and failing health.  Mr. Sisney's request is premature at this point.  The evidence is in his own "custody or control," "control" being defined as in a place where the party "has the legal right to obtain the document."  See 8A Charles A. Wright, Arthur R. Miller, & Richard L. Marcus, Fed. Practice & Procedure, §2210, at 397 (2d ed. 1994); American Soc. for the Prevention of Cruelty to Animals v. Ringling Bros. & Barnum & Bailey Circus, 233 F.R.D. 209, 212 (D.D.C. 2006) (citing Poole ex rel. Elliott v. Textron, Inc., 192 F.R.D. 494, 501 (D. Md. 2000); and Poppino v. Jones Store Co., 1 F.R.D. 215, 219 (W.D. Mo. 1940)).  At this point, there is no reason to require defendants to assume control of evidence currently within Mr. Sisney's control.

 Also, the court notes that Mr. Sisney's mother just filed an "amicus curiae" affidavit with the court this week, leading the court to conclude that she remains able-bodied enough to keep the evidence in her custody.  See Docket No. 40.  If circumstances change, Mr. Sisney may renew his motion upon that change manifesting itself.

 As to Mr. Sisney's second request—an order compelling production of the documents--the proper course if a party wishes to obtain discovery of documents or other material things is to serve the opposing party with a request for the production of documents pursuant to Federal Rule of Civil Procedure 34.  Then, if the party in possession of the requested discovery objects or refuses to produce the documents in response to the request, the party seeking the discovery (here Mr. Sisney), must first confer or attempt to

confer in good faith with the party in possession of the discovery to attempt to resolve the discovery dispute informally between the parties. See FED. R. CIV. P. 37; DSD LR 37.1.

If such efforts are unsuccessful, then and only then may the party seeking the discovery file a motion to compel. Id. That motion must contain a certification that the movant first complied with the prerequisite of conferring or attempting to confer in good faith with the other party to try to resolve the matter. Id. Mr. Sisney's motion contains no indication that he first served defendants with a request for the production of the documents he seeks. Accordingly, it is hereby

ORDERED that Mr. Sisney's motion to preserve evidence and to compel production of evidence [Docket No. 38] is denied.

DATED October 30, 2015.

BY THE COURT:

/s/ Veronica L. Duffy
VERONICA L. DUFFY
United States Magistrate Judge