UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLES E. SISNEY,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>DENNY KAEMINGK, IN HIS OFFICIAL CAPACITY AS THE SOUTH DAKOTA SECRETARY OF CORRECTIONS; DARIN YOUNG, IN HIS OFFICIAL CAPACITY AS THE WARDEN OF THE SOUTH DAKOTA STATE PENITENTIARY; SHARON REIMANN, IN HER OFFICIAL CAPACITY AS AN SDSP DESIGNATED MAILROOM OFFICER; AND CRAIG MOUSEL, IN HIS OFFICIAL CAPACITY AS AN SDSP DESIGNATED PROPERTY OFFICER;<br><br>　　　　　Defendants. | 4:15-CV-04069-LLP<br><br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL<br><br>DOCKET NO. 51 |

　　　This matter is before the court on plaintiff Charles E. Sisney's *pro se* complaint pursuant to 42 U.S.C. § 1983. On October 19, 2015, Mr. Sisney served defendants with discovery requests. Defendants then filed a motion asking the court to enter a protection order so that defendants need not respond to Mr. Sisney's discovery requests. See Docket No. 41. The court denied that motion on October 30, 2015. See Docket No. 43.

　　　After not receiving defendants' responses, Mr. Sisney drafted a letter to defense counsel attempting to confer in good faith about the discovery dispute. Mr. Sisney's letter was dated November 24, 2015, but postmarked November 30, 2015. Defense counsel received it December 2, 2015. On December 9,

2015, defense counsel sent a letter to Mr. Sisney indicating that he was attempting to gather the information necessary from various state employees and agents in order to respond to the discovery requests.

That same day, Mr. Sisney filed the instant motion to compel seeking an order from the court directing defendants to respond to his discovery requests and seeking monetary sanctions. See Docket No. 51. The motion is granted in part and denied in part.

A party served with discovery requests has 30 days to respond to those requests. See FED. R. CIV. P. 33(b)(2) & 34(b)(2). If service of the discovery requests is accomplished by mailing, three additional days are added to account for in-transit mail time. See FED. R. CIV. P. 6(d) and 5(b)(2)(C). Since defendants immediately moved for a protective order after receiving Mr. Sisney's discovery requests, the court considers their 30-day response time to have begun on the day the request for the protective order was denied, which was October 30, 2015. Defendants had 33 days from that day to respond to Mr. Sisney's discovery requests, which date was December 3, 2015. Obviously, by defendants' response to Mr. Sisney's motion to compel, they still have not responded. However, Mr. Sisney's letter attempting to resolve the discovery dispute in good faith was premature—dated November 24, which was a time during which defendants still had 9 days left in their response time.

Under the facts presented, the court believes an order compelling defendants to respond is appropriate as their response is overdue. However, sanctions are not appropriate. Accordingly, it is hereby

ORDERED that plaintiff Charles Sisney's motion to compel [Docket No. 51] is granted insofar as it seeks an order compelling defendants to respond to his discovery requests.  Defendants shall immediately or as soon as possible serve Mr. Sisney with written responses to his October 19, 2015 discovery requests.  It is further

ORDERED that Mr. Sisney's motion to compel is denied insofar as it seeks an award of monetary sanctions.

DATED December 11, 2015.

BY THE COURT:

VERONICA L. DUFFY
United States Magistrate Judge