UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHARLES E. SISNEY,<br><br>        Plaintiff,<br><br>vs.<br><br>DENNY KAEMINGK, IN HIS OFFICIAL CAPACITY AS THE SOUTH DAKOTA SECRETARY OF CORRECTIONS; DARIN YOUNG, IN HIS OFFICIAL CAPACITY AS THE WARDEN OF THE SOUTH DAKOTA STATE PENITENTIARY; SHARON REIMANN, IN HER OFFICIAL CAPACITY AS AN SDSP DESIGNATED MAILROOM OFFICER; AND CRAIG MOUSEL, IN HIS OFFICIAL CAPACITY AS AN SDSP DESIGNATED PROPERTY OFFICER;<br><br>        Defendants. | 4:15-CV-04069-LLP<br><br>ORDER FOR DEFENDANTS TO CLARIFY THE RECORD AS TO ITS SUMMARY JUDGMENT EXHIBITS |

This matter is before the court on plaintiff Charles E. Sisney's complaint pursuant to 42 U.S.C. § 1983. This matter has been referred to this magistrate judge for handling pretrial matters pursuant to 28 U.S.C. § 636(b)(1) and the Honorable Karen E. Schreier's standing order of October 16, 2014.

Liberally construed, Mr. Sisney's complaint alleges the defendants have deprived him of his First Amendment right to Free Speech. Specifically, Mr. Sisney alleges the South Dakota Department of Corrections (SDDOC) has enacted a pornography policy (Policy 1.3.C.8) which is (1) unconstitutional on its face; and (2) has been applied in an overbroad manner. The stated purpose of the pornography policy is to "prohibit the purchase, possession, and

attempted possession and manufacturing of pornographic materials by offenders housed in [the Department of Corrections]." See Policy 1.3.C.8, Section II.

    Now pending before the court is defendants' motion for summary judgment on Mr. Sisney's complaint. See Docket No. 67. In connection with that motion, defendants have filed a number of exhibits under seal, including numerous examples of materials defendants allege fall under the prison's anti-pornography policy. See Docket Nos. 69 and 70.

    Accompanying defendants' motion is a certificate of service signed by defense counsel. See Docket No. 67 at p.3. That document is a certification by counsel, as an officer of the court, that all documents were electronically filed. Id. Furthermore, because Mr. Sisney is not an authorized user of this court's electronic docketing system, counsel certified that he has mailed "the foregoing document" [sic] to Mr. Sisney. Id. No mention is made in counsel's certification to the court that any documents he filed with the court electronically were excepted from the documents provided to Mr. Sisney. Id.

    However, from the multiple pleadings Mr. Sisney has filed with the court, and from the text of defendants' memorandum, the court infers that defense counsel may not have served Mr. Sisney with all of the exhibits to defendants' motion for summary judgment. Accordingly, the court seeks clarification from defense counsel on this matter. It is, therefore, hereby

    ORDERED that defense counsel shall, within 10 days, file a pleading with the court stating whether Mr. Sisney was served with all summary

judgment documents, including exhibits, that defendants filed electronically with the court. If not, then it is further

ORDERED that defense counsel shall, within 10 days, specify which documents or exhibits, by number and name, were not provided to Mr. Sisney when service of the summary judgment motion was made. Defense counsel shall also file an amended certificate of service accurately reflecting what was really served on Mr. Sisney and what was not served. Furthermore, it is

ORDERED that, if certain exhibits were not served on Mr. Sisney, defense counsel shall address whether redacted exhibits can be provided to Mr. Sisney of any of the withheld exhibits.

DATED February 11, 2016.

BY THE COURT:

/s/ Veronica L. Duffy

VERONICA L. DUFFY
United States Magistrate Judge