UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
MAY 25 2016
CLERK

| | |
|---|---|
| **CHARLES E. SISNEY**,<br><br>Plaintiff,<br><br>vs.<br><br>**DENNY KAEMINGK**, IN HIS OFFICIAL CAPACITY AS THE SOUTH DAKOTA SECRETARY OF CORRECTIONS; **DARIN YOUNG**, IN HIS OFFICIAL CAPACITY AS THE WARDEN OF THE SOUTH DAKOTA STATE PENITENTIARY; **SHARON REIMANN**, IN HER OFFICIAL CAPACITY AS AN SDSP DESIGNATED MAILROOM OFFICER; AND **CRAIG MOUSEL**, IN HIS OFFICIAL CAPACITY AS AN SDSP DESIGNATED PROPERTY OFFICER;<br><br>Defendants. | 4:15-CV-04069-LLP<br><br>**ORDER:**<br><br>PLAINTIFF'S MOTION FOR COSTS OF SERVICE OF PROCESS<br>[DOCKET NOS. 37 & 47]<br><br>PLAINTIFF'S MOTION FOR *IN CAMERA* REVIEW<br>[DOCKET NO. 50]<br><br>PLAINTIFF'S MOTION TO RESOLVE FACIAL CHALLENGE<br>[DOCKET NO. 58]<br><br>PLAINTIFF'S MOTION TO COMPEL AND DEFENDANTS' MOTION FOR A PROTECTIVE ORDER<br>[DOCKET NOS. 59 & 72]<br><br>PLAINTIFF'S MOTION FOR SANCTIONS<br>[DOCKET NO. 60]<br><br>PLAINTIFF'S MOTION TO EXTEND DISCOVERY DEADLINES<br>[DOCKET NO. 61]<br><br>PLAINTIFF'S MOTION TO STAY RULING ON SUMMARY JUDGMENT PENDING RESOLUTION OF DISCOVERY DISPUTES<br>[DOCKET NO. 77] |

## INTRODUCTION

This matter is pending before the court pursuant to plaintiff Charles Sisney's *pro se* complaint filed under 42 U.S.C. § 1983.  See Docket Nos. 1 and 8-1.  The court is filing this same day a report and recommendation on the parties' cross-motions for summary judgment.  This order is being filed separately to resolve various other pending motions before the court.  The matter was referred to this magistrate judge for resolution of pretrial matters pursuant to the October 16, 2014, standing order of the Honorable Karen E. Schreier, district judge, and 28 U.S.C. § 636(b)(1)(A) and (B).

## FACTS

Mr. Sisney's complaint asserts both facial and as-applied challenges to the pornography policy adopted by the South Dakota Department of Corrections (DOC) and applicable at the South Dakota State Penitentiary (SDSP), where Mr. Sisney resides.  Mr. Sisney alleges defendants, by adopting and applying the policy, have violated his First Amendment free speech rights and his Fourteenth Amendment due process rights.  Each of the four defendants is sued only in their official capacities.  Mr. Sisney seeks only declaratory and injunctive relief.

## DISCUSSION

**A.     Motions for Costs of Service of Process**

Mr. Sisney, when he filed his lawsuit, sent to each of the defendants a request that they waive service of the summons pursuant to Federal Rule of Civil Procedure 4.  Rule 4(d)(1) states "[a]n individual, corporation, or

2

association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." If a defendant who is requested to waive service of the summons refuses to do so, the defendant must pay the plaintiff's costs and expenses incurred in actually serving the defendant. See FED. R. CIV. P. 4(d)(2).

The defendants Mr. Sisney sued are individuals who are state employees sued in their official capacities. See Docket Nos. 1 and 8-1. As such, Mr. Sisney's suit against them is actually considered a suit against the state itself. Kentucky v. Graham, 473 U.S. 159, 165 (1985). "For public policy reasons, neither governmental agencies nor their employees or officials are obligated to comply with a request for waiver nor will they be confronted with bearing the costs of the service of process." Chapman v. NY State Div. for Youth, 227 F.R.D. 175, 179 (N.D.N.Y. 2005). Instead, service of a state, or a state employee sued in his or her official capacity, is covered by subsection (j) of Rule 4, not subsections (e), (f), or (h), and requires actual service on the governor or service upon the governor in the manner directed by state law. See FED. R. CIV. P. 4(j); Chapman, 227 F.R.D. at 179-80. See also FED. R. CIV. P. 4(j), Advisory Committee Notes to 1993 Amendments ("[t]he request for waiver of service may be sent only to defendants subject to service under subdivision (e), (f), or (h). The United States is not expected to waive service . . . [and] the

same principle is applied to . . . entities subject to service under subdivision (j)").

For this reason, Mr. Sisney's motions for costs and expenses because defendants failed to waive service of the summons [Docket Nos. 37 and 47] are denied. Defendants are not covered by Rule 4(d)(4).

**B.     Motion for *In Camera* Review**

Mr. Sisney moves the court to review *in camera* the seven books specifically listed in his complaint (four Pretty Face books, <u>Matisse, Picasso and Modern Art in Paris</u>, <u>Thrones of Desire</u>, and <u>Pride and Prejudice: The Wild and Wanton Edition</u>), as well as "a number of periodicals/magazines" rejected by the SDSP pursuant to the pornography policy.

Mr. Sisney himself, through his mother Esther Sisney, provided the court with the seven books. The court has examined those books in some detail in ruling on the parties' cross-motions for summary judgment. In addition, whenever Mr. Sisney was able to provide the court with defendants' rejection notice for a specific periodical or magazine, whether one that was to be delivered to Mr. Sisney or to another inmate, the court attempted to locate each magazine and examine the page number referenced in defendants' rejection notice. The court was not able to locate each such periodical, however.

Specifically, the court was able to locate and examine *in camera* the following magazines for which Mr. Sisney provided the court with a rejection notice:

- *Esquire*, March 2016, page 108 (rejection notice Docket No. 98-1)

- *Esquire*, October 2015, page 178 (rejection notice Docket No. 95-10)

- *Allure*, October 2015, page 168 (rejection notice Docket No. 95-12)

- *US Weekly*, November 16, 2015, page 18 (rejection notice Docket No. 95-13)

- *Cosmopolitan*, December 2015, page 156 (rejection notice Docket No. 95-15)

- *Cosmopolitan*, January 2015, page 70 (rejection notice Docket No. 95-16)

Magazines which the court did not examine *in camera* because the court could not locate the magazines include the following:

- *Hot Bike*, April 2016, page 72 (rejection notice Docket No. 97-1)

- *Glamour*, June, July, and August, 2013 (rejection notice Docket No. 1-4, pp. 5-7)

- *Glamour*, December 2015, page 231 (no such page number in magazine) (rejection notice at Docket No. 95-14)

- *Men's Fitness*, March 2016, page 90 (rejection notices Docket Nos. 97-2 & 98-2)

- *Acme Publications*, no date or issue number given (rejection notice Docket No. 95-11)

The court notes that, by virtue of the fact the magazines listed above were rejected, neither Mr. Sisney nor the other inmates who received these rejection notices are able to provide the court with the periodicals in question. Also, it is not feasible to order defendants to provide the periodicals because defendants, by virtue of their policy, do not retain rejected materials. See DOC Correspondence Policy 1.5.D.3, at Docket No. 69-2, page 10, § B1.

5

Therefore, the court grants Mr. Sisney's motion for review *in camera* [Docket No. 50] to the extent the court was given, or was able to locate, the relevant materials.

## C. Motion to Resolve Facial Challenge

The court addressed the merits of Mr. Sisney's facial challenge in its report and recommendation on the parties' cross-motions for summary judgment filed this same date. Accordingly, this motion by Mr. Sisney [Docket No. 58] is granted.

## D. Motion to Compel Answers to Interrogatories/for Protection Order

As discussed in this court's report and recommendation on the parties' cross-motions for summary judgment, defendants objected to a number of Mr. Sisney's discovery requests on the grounds that his complaint asserted only an as-applied challenge to the DOC pornography policy. The court found otherwise in its report and recommendation. Defendants also interposed objections to discovery directed to defendant Sharon Reimann on the grounds that she was not properly named as a defendant in this matter because she had no involvement in the events at issue. The court notes, however, that discovery responses were ultimately given by defendant Reimann.

Defendants moved for a protective order [Docket No. 72], some weeks after their discovery responses were given and immediately after Mr. Sisney filed his motion to compel. The gist of their motion is that they should not have to respond to discovery directed toward Mr. Sisney's facial challenge to the DOC pornography policy.

The court grants Mr. Sisney's motion to compel [Docket No. 59] and denies defendants' motion for a protective order [Docket No. 72], but stays the time for defendants to serve Mr. Sisney with revised discovery responses. Defendants' objections to discovery pertinent to Mr. Sisney's facial challenge and to defendant Reimann are overruled. Defendants shall serve Mr. Sisney with revised discovery responses on all discovery served by Mr. Sisney (see Docket Nos. 95-1 & 95-2), within 30 days after the date objections to this court's report and recommendation, if any, are resolved by the district court. If no objections are made, defendants shall serve their revised discovery responses on Mr. Sisney within 30 days of the date of this order.

E.  **Motion for Sanctions for Discovery Abuses**

Mr. Sisney moves for monetary sanctions for defendants' failure to fully respond to his discovery requests discussed above. He asserts an incomplete response is not a response at all. He seeks sanctions pursuant to Federal Rule of Civil Procedure 37(a)(4).

Rule 37(a)(4) provides that for purposes of subdivision (a) of Rule 37, "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Part (a)(3)(B) of Rule 37 allows a party to move to compel a response to a discovery request and to seek appropriate sanctions. If a motion to compel is granted, the court "must" award the successful moving party's expenses unless the opposing party's nondisclosure, response, or objection was substantially justified or other circumstances make it unjust to award expenses. See FED. R. CIV. P. 37(a)(5)(A).

Under the present circumstances, the court finds an award of sanctions inappropriate. First, confusion was sown into the record when this court issued its order requiring service of Mr. Sisney's complaint and summons. This court stated Mr. Sisney's facial challenge to the DOC policy had already been determined in Salinas v. Janklow, Civ. No. 99-4204 (D.S.D. June 16, 2003); King v. Dooley, Civ. No. 00-4052 (D.S.D. June 16, 2003); and Hughbanks v. Dooley, 2012 WL 346673 at *14, n.3 (D.S.D. Feb. 2, 2012). However, as evidenced by the report and recommendation this court issued today in this case, neither King, nor Salinas nor Hughbanks resolved the issue of the constitutionality of the current DOC policy, which differs significantly from the policy examined in King and Salinas. It was not until after this court issued its order directing service of the summons and complaint that Mr. Sisney brought the court's attention to the differences between the policies. Even then, it took significant effort (exhuming the King court file out of storage), for the court to actually obtain a copy of the DOC policy at issue in King and compare it to the current policy. Defendants were understandably unsure about the status of Mr. Sisney's facial challenge.

Mr. Sisney is correct that this court has no authority to dismiss his facial challenge outright, nor is there an order in the record suggesting to the district court that the facial challenge be dismissed. In addition, there was no order from the district court dismissing the facial challenge. The more prudent approach for defendants would have been to (1) seek clarification from the court as to the continued existence of Mr. Sisney's facial challenge or (2)

provide the discovery and argue later on the merits that the facial challenge was dead in the water. Defendants did not take the approach which would have been more prudent under the circumstances, but the court finds itself at fault for creating confusion. Under these circumstances, the court declines to award sanctions under Rule 37. Mr. Sisney's motion for sanctions [Docket No. 60] is therefore denied.

**F.     Motion to Extend Discovery Deadline**

This court's scheduling order set February 12, 2016, as the deadline for the parties to conclude their discovery in this case. Given the problems Mr. Sisney experienced in attempting to get discovery responses from defendants and the necessity of filing a motion to compel, Mr. Sisney asks that the discovery deadline be extended. The court agrees.

If the parties file objections to this court's report and recommendation, it will take some time before the district court resolves those objections. Accordingly, the court grants Mr. Sisney's motion [Docket No. 61], but conditions that grant on proceedings that may take place before the district court. If no objections to this court's report and recommendation are filed, the discovery deadline in this case will be extended to August 31, 2016. A scheduling order so providing will be filed after the time for objections has expired. However, if objections are filed, the court will set a new discovery deadline after the district court resolves those objections—if it is appropriate to do so at that time.

### G.  Motion to Stay Decision on Summary Judgment Motions Pending Resolution of Discovery Disputes

Mr. Sisney filed a motion seeking to stay this court's consideration of the parties' cross-motions for summary judgment until the above-discussed discovery issues were resolved. See Docket No. 77. The court denies this motion as moot. Because Mr. Sisney filed his own cross-motion for summary judgment, it was incumbent upon defendants to resist that motion with citation to materials in the record including depositions, documents, affidavits or declarations, discovery responses and stipulations. See FED. R. CIV. P. 56(c)(1). The court found, in its report and recommendation, that defendants failed to support their resistance to Mr. Sisney's summary judgment motion in several crucial respects, including in their refusal to provide appropriate discovery responses to Mr. Sisney's discovery requests. These would have provided information to the court, *inter alia*, about how defendants define the word "feature" in the DOC policy; whether any exceptions to the DOC policy have been made in the last three years for medical, educational or anthropological purposes; whether any classes are offered to SDSP inmates in medicine, education, or anthropology; and whether inmates serving life sentences, including Mr. Sisney, are eligible for such classes.

The court, as it was required to do so under Rule 56, ruled against defendants for this absence of evidence in the cross-motions for summary judgment. In addition, the court has now granted Mr. Sisney's motion to compel (see above), providing resolution of objections by the district court does not moot further discovery. In short, Mr. Sisney has not been prejudiced by

10

this court's consideration of the summary judgment motions without waiting for additional discovery to take place. For that reason, Mr. Sisney's motion to stay is denied.

## CONCLUSION

Based on the foregoing discussion, it is hereby

ORDERED that Mr. Sisney's motions for costs of service of process [Docket Nos. 37 & 47] are denied. It is further

ORDERED that Mr. Sisney's motion for *in camera* review [Docket No. 50] is granted to the extent the court was able to conduct such review. It is further

ORDERED that Mr. Sisney's motion to resolve his facial challenge [Docket No. 58] is granted. The recommended resolution of that claim is contained in this court's report filed this date. It is further

ORDERED that Mr. Sisney's motion to compel answers to his interrogatories [Docket No. 59] is granted; defendants' motion for a protective order [Docket No. 72] is denied. Defendants shall serve Mr. Sisney with revised responses to his interrogatories within 30 days of today's date if no objections are made to this court's report and recommendation. If such objections are made, defendants shall serve revised discovery responses within 30 days of the date the district court enters an order resolving objections, if appropriate. It is further

ORDERED that Mr. Sisney's motion for sanctions [Docket No. 60] is denied. It is further

11

ORDERED that Mr. Sisney's motion to extend the discovery deadline [Docket No. 61] is granted. Depending on further developments before the district court, this court will issue an amended scheduling order with a new discovery deadline in the future. Finally, it is

ORDERED that Mr. Sisney's motion to stay consideration of the cross-motions for summary judgment until discovery disputes are resolved [Docket No. 77] is denied as moot.

### NOTICE OF RIGHT TO APPEAL

Pursuant to 28 U.S.C. § 636(b)(1)(A), any party may seek reconsideration of this order before the district court upon a showing that the order is clearly erroneous or contrary to law. The parties have fourteen (14) days after service of this order to file written objections pursuant to 28 U.S.C. § 636(b)(1)(A), unless an extension of time for good cause is obtained. See FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Id. Objections must be timely and specific in order to require review by the district court. Thompson v. Nix, 897 F.2d 356 (8th Cir. 1990); Nash v. Black, 781 F.2d 665 (8th Cir. 1986).

DATED May 25, 2016.

BY THE COURT:

*Veronica L. Duffy* (signature)

VERONICA L. DUFFY
United States Magistrate Judge