

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CHARLES E. SISNEY,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>DENNY KAEMINGK, in his official capacity as the South Dakota Secretary of Corrections;<br>DARIN YOUNG, in his official capacity as the Warden of the South Dakota State Penitentiary;<br>SHARON REIMANN, in her official capacity as an SDSP designated Mailroom Officer; and<br>CRAIG MOUSEL, in his official capacity as an SDSP designated Property Officer,<br><br>　　　　Defendants. | CIV 15-4069<br><br><br><br>MEMORANDUM OPINION AND<br>ORDER GRANTING STAY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pursuant to Federal Rule of Civil Procedure 62(c), Defendants seek to stay this Court's Order of September 29, 2016, pending their appeal to the Eighth Circuit. The portions of the Order which Defendants seek to stay are the rulings that the South Dakota Department of Corrections anti-pornography policy is unconstitutional on its face, and unconstitutional as applied to certain written materials and a Coppertone® advertisement. Plaintiff has not responded to the Request for Stay.

## BACKGROUND

Plaintiff is an inmate at the South Dakota State Penitentiary (SDSP). His claims in this § 1983 case involve challenges to the South Dakota Department of Corrections (DOC) anti-

pornography policy applicable to its penal institutions. This is DOC policy 1.3.C.8 and it provides in pertinent part as follows:

> The Department of Corrections (DOC) prohibits the purchase, possession, and attempted possession and manufacturing of pornographic materials by offenders housed in its institutions.
>
> * * *
>
> Pornographic Material: Includes books, articles, pamphlets, magazines, periodicals, or any other publications or materials that feature nudity or "sexually-explicit" conduct. Pornographic material may also include books, pamphlets, magazines, periodicals or other publication or material that features, or includes photographs, drawings, etchings, paintings, or other graphic depictions of nudity or sexually explicit material.
>
> Nudity: "Nudity" means a pictorial or other graphic depiction where male or female genitalia, pubic area, buttocks or female breasts are exposed. Published material containing nudity illustrative of medical, educational or anthropological content may be excluded from this definition.
>
> Sexually Explicit: "Sexually Explicit" includes written and/ or pictorial, graphic depiction of actual or simulated sexual acts, including but not limited to sexual intercourse, oral sex or masturbation. Sexually explicit material also includes individual pictures, photographs, drawings, etchings, writings or paintings of nudity or sexually explicit conduct that are not part of a book, pamphlet, magazine, periodical or other publication.
>
> Offender: For purposes of this policy, an offender is an inmate (in the custody of the South Dakota DOC institutional system) ...

See Docket No. 1-2, p.1. Plaintiff's complaint alleges both facial challenges and as-applied challenges to the DOC pornography policy. See Docket No. 8-1. The Court granted summary judgment in Plaintiff's favor on the facial challenge, finding the new policy overly broad and unconstitutional. The Court also granted Plaintiff's motion for summary judgment on his as-applied challenges to the Coppertone® advertisement and to the Thrones of Desire book, the Pride and Prejudice: The Wild and Wanton Edition book; the Michelangelo pictures, and Matisse, Picasso and Modern Art in Paris book. The Court granted Defendants' Motion for Summary Judgment on the Pretty Face books.

2

The Defendants seek to have these rulings stayed in order to maintain the status quo so that the DOC may maintain control over inmate access to pornography in prison pending the outcome of their appeal.

## DISCUSSION

Federal Rule of Civil Procedure 62(c) provides that "[w]hile an appeal is pending from an interlocutory order or final judgment that grants, dissolves, or denies an injunction, the court may suspend, modify, restore, or grant an injunction on terms for bond or other terms that secure the opposing party's rights." Fed.R.Civ.P. 62(c).

The Court must consider four factors to determine whether Defendants have made a sufficient showing for this Court to grant a stay of the Order pending appeal. These factors are (1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether granting the stay would substantially harm the other parties, and (4) whether granting the stay would serve the public interest. *Brady v. National Football League*, 640 F.3d 785, 789 (8th Cir. 2011) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *Dakota, Minnesota & E. R.R. Corp. v. Schieffer*, 742 F. Supp.2d 1055, 1060 (D.S.D. 2010). The Eighth Circuit has emphasized a balancing of equities approach to determine whether to grant a stay pending appeal. *See Walker v. Lockhart*, 678 F.2d 68, 70-71 (8th Cir. 1982) (the court maintains a flexible approach when applying the factors and balancing the equities between the parties, and the court "need not engage in detailed analysis of [movant's] probability of success on the merits"). The Eighth Circuit has noted that the stay procedure of Rule 62(c) is "to make any order appropriate to preserve the status quo or the effectiveness of the judgment subsequently to be entered." *Mesabi Iron Co. v. Reserve Min. Co.*, 268 F.2d 782, 783 (8th Cir. 1959).

The first factor is a difficult one for Defendants to meet because this Court has already decided the merits and found in favor of Plaintiff on most but not all of Plaintiff's claims. Regarding

the second factor, irreparable harm, Defendants state that the following problems would result if the DOC is not allowed to continue to enforce its anti-pornography policy:

> [W]ithout a stay, the State would be forced to allow Plaintiff to receive the "written" pornography in question as well as the "Coppertone" advertisement. Defendants would be required to do so despite the fact that the court has recognized that "inmates sold, rented and bartered materials in contravention of other DOC policies." Doc. 105, p. 31. As noted by the court in *King v. Dooley*, CIV. No. 00-4052-LLP, "the bartering of pornographic materials, even among those prohibited from possessing pornography, has been a problem in the past." Doc. 34, p. 7. Thus, Defendants would have no control whatsoever as to which inmates would have access to those materials once allowed inside the walls of the state prison. Access to such materials could be detrimental to the rehabilitation of certain inmates (*i.e.*, sex offenders) confined within the prison. That is particularly true with regard to the "Coppertone" advertisement. As noted in the Report and Recommendation issued on May 25, 2016, "this is precisely the type of image one would hope to keep out of the hands of a child sex offender." Doc. 105, p. 85.

See Docket No. 124, p. 4-5. There is no other policy in place to control inmate access to pornography, and the Court agrees that it is necessary to maintain the anti-pornography policy pending appeal so that there is some anti-pornography policy in place in order to keep control. In addition, granting a stay would create no appreciable harm to Plaintiff. Moreover, the public interest is best served by maintaining the status quo with regard to pornography in the prison until the merits including what anti-pornography policy is appropriate are decided on appeal. Whether or not Defendants prevail on appeal, the public interest is best served by maintaining control in the prison over materials in the prison that are claimed to be pornographic.

The Court concludes that the balance of equities favors a stay of the Court's rulings in order to maintain the status quo pending final determination of the issues on appeal. Accordingly,

> IT IS ORDERED that Defendants' motion to stay, doc. 122, is granted, and this Court's Order issued on September 29, 2016, doc. 116, is stayed in the following respects:

1. The aspect of the Order, doc. 116, finding the DOC's Anti-Pornography Policy unconstitutional on its face is stayed pending appeal; and

2. The portion of the Order, doc. 116, granting Plaintiff's motion for summary judgment on his as-applied challenge to the Coppertone® advertisement and to the Thrones of Desire book, the Pride and Prejudice: The Wild and Wanton Edition book; the Michelangelo pictures, and Matisse, Picasso and Modern Art in Paris book, is stayed pending appeal.

Dated this 10th day of November, 2016.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *[signature]*
Deputy