UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| CHARLES E. SISNEY, | * | CIV 15-4069 |
| Plaintiff, | * | |
| -vs- | * | ORDER |
| DENNY KAEMINGK, in his official capacity as the South Dakota Secretary of Corrections; DARIN YOUNG, in his official capacity as the Warden of the South Dakota State Penitentiary; SHARON REIMANN, in her official capacity as an SDSP designated Mailroom Officer; and CRAIG MOUSEL, in his official capacity as an SDSP designated Property Officer, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Defendants move for a stay of this Court's Judgment dated June 29, 2020 pending their appeal to the Eighth Circuit.[1] (Doc. 175.). Plaintiff has filed a brief in opposition to this motion, and the Defendants have replied. For the reasons stated below, the motion is denied.

**DISCUSSION**

Rule 62(d) provides in relevant part:

> While an appeal is pending from an interlocutory order or final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an

---

[1] Defendants cite Rule 62(c) of the Federal Rules of Civil Procedure. Rule 62 was amended April 26, 2018, effective December 1, 2018. What was substantively Rule 62(c) is now labeled Rule 62(d). *See* Fed.R.Civ.P. 62. The Court bases its decision on the most current version of the rule, as well as case law that interpreted Rule 62(c), to the extent it is still applicable.

>     injunction, the court may suspend, modify, restore, or grant an injunction on terms
>     for bond or other terms that secure the opposing party's rights.

Fed.R.Civ.P. 62(d). In determining whether to grant a stay, the Court must consider the following four factors: (1) whether the applicant has made a strong showing that he is likely to succeed on the merits of the appeal; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuing the stay will substantially injure the opposing party; and (4) the public interest. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). *See also Reserve Mining Co. v. United States*, 498 F.2d 1073, 1076–77 (8th Cir. 1974) (applying the same four factors to analyze a motion for stay of a preliminary injunction under Fed.R.Civ.P. 62 and Fed.R.App.P. 8).

"A stay is not a matter of right, even if irreparable injury might otherwise result. . . . It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case. . . . The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009) (internal citations, quotation marks and brackets omitted).

**A.  Success on the Merits**

In addressing the merits of the appeal in the context of this motion to stay, Defendants did not submit new argument or new authority. This Court issued a lengthy Memorandum Opinion and Order addressing the merits. (Doc. 166.) The Court excised "nudity or" from the definitions of "Pornographic Material" and "Sexually Explicit," added a provision regarding minors, and included a definition of "Featured" as "a publication which routinely and regularly featured pornography, or in the case of one-time issues, promoted itself based on pornographic content." (Doc. 166.) The Court concluded that these alterations allow the pornography policy to withstand a facial challenge.

There must be some showing of probable success on the merits in order for Defendants to obtain a stay, and the Court concludes they cannot meet this requirement.

**B.  Irreparable Harm**

As to whether irreparable harm would result if the stay is not granted, Defendants rely on this Court's November 10, 2016 decision to grant a stay pending appeal. (Doc. 128.) That decision was made under different circumstances. The Court granted that stay because it had struck down the entire pornography policy as unconstitutional, and harm could have resulted from having no

2

pornography policy in place. In contrast, the Court's recent decision keeps the pornography policy in place, and Defendants remain in control over what materials inmates will have access to in prison. The pornography policy as altered now has a reasonable relation to legitimate penological interests and it still is more restrictive in some aspects than the previous *King* policy.

The Court concludes that any harm to Defendants is merely speculative at this point. The Court finds that this factor weighs against granting the stay.

### C.  Injury to Plaintiff

Plaintiff would suffer harm if the Court were to stay the portion of the Judgment granting Plaintiff's as-applied challenge to the Thrones of Desire book, the Pride and Prejudice: The Wild and Wanton Edition book; the Michelangelo pictures, and Matisse, Picasso and Modern Art in Paris book.  The Supreme Court has repeatedly held that "[t]he loss of First Amendment freedoms for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (citing *New York Times Co. v. United States*, 403 U.S. 713 (1971)). Plaintiff would be denied his First Amendment rights during the pendency of this appeal if the Court were to stay its Judgment.

### D.  Public Interest

The public interest does not weigh in favor of staying the Judgment in this case.  A stay would burden Plaintiff's First Amendment rights while at the same time not necessarily protecting the interests of the Defendants.  The Court has concluded that the current pornography policy can stay in place with slight alterations.  Because Defendants can continue to enforce the policy as altered, the public interest would best be served by protecting Plaintiff's First Amendment rights.

For these reasons Defendants have failed to meet the burden of showing that the circumstances justify a stay of this Court's Judgment dated June 29, 2020.  Accordingly,

**IT IS ORDERED** that Defendants' Motion to Stay, Doc. 175, is denied.

Dated this 10th day of August, 2020.

                                               BY THE COURT:

                                               */s/ Lawrence L. Piersol*

                                               Lawrence L. Piersol
                                               United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

*/s/ Matthew Thelen*